NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY MUTHONI WACHIRA, | No. 18-71033 |
| Petitioner, | Agency No. A088-571-460 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Seattle, Washington

Before:     M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***]
District Judge.

Petitioner Mary Muthoni Wachira, a native and citizen of Kenya, petitions

for review of the Board of Immigration Appeals ("BIA") Order dismissing her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

appeal of the denial of her claim for asylum.[1]  We have jurisdiction under section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1). We review the agency's findings of fact under a substantial evidence standard, and under this standard the agency's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).  We review de novo the agency's determinations of purely legal questions.  *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).  We deny Wachira's petition for review.

Wachira attempted to establish her eligibility for asylum by demonstrating that she had been persecuted on account of her membership in a "particular social group."  *Ali*, 637 F.3d at 1029 (quoting 8 U.S.C. § 1101(a)(42)).  For the purposes of this case, we will assume that Wachira's proposed social group of "married Kenyan women who are unable to leave their relationship" is cognizable under the INA.[2]  Even so, we find that substantial evidence supports the agency's

---

[1] Wachira only challenges the agency's determination that she failed to establish that she was a member of her   proposed social group. Thus, she has waived any other claims for asylum, withholding of removal, or relief under the Convention Against Torture. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

[2] The agency assumed that Wachira's proposed particular social group was cognizable under the framework established in *Matter of A-R-C-G-*, 26 I&N Dec. 388 (BIA 2014), which found cognizable the particular social group of "married women in Guatemala who are unable to leave their relationship."  *Id.* at 393.   For the purposes of deciding this petition for review, we have no occasion to address or decide whether *A-R-C-G-* erred in finding cognizable the sorts of proposed particular social groups covered by that decision.  *Cf. Matter of A-B-*, 27 I&N Dec.

2

determination that Wachira failed to establish that she is a member of that social group.[3] Wachira argued was unable to leave her relationship because she feared that her husband would harm her and their children. However, the agency found that although Wachira was not formally divorced, she had been separated from her husband for years. The record also contains evidence that Wachira's children are adults who live apart from her husband and have little to no contact with him. The agency further found that Wachira had the financial means to leave her husband as a result of her successful businesses, and that she was able to travel independently. The record also supports the agency's finding that Wachira had the social means to leave her husband, because she had the support of her family.

On this record, we cannot say that any reasonable factfinder would be compelled to conclude that Wachira was "unable to leave" her relationship with her husband within the meaning of *Matter of A-R-C-G-*, 26 I&N Dec. at 393.

---

316 (A.G. 2018) (overruling *A-R-C-G-*); *Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018) (partially enjoining enforcement of *A-B-*), *appeal docketed sub. nom Grace v. Barr*, No. 19-5013 (D.C. Cir.); *cf. also Gonzales-Veliz v. Barr*, 938 F.3d 219 (5th Cir. 2019) (upholding *A-B-*, notwithstanding the *Grace* injunction).

[3] Wachira cites to *Ren v. Holder* and argues that if the Immigration Judge had asked more probing questions or elicited additional information, she might have provided additional facts that might have led to a different outcome. *Ren* clarified the requirements of the REAL ID Act and held that an immigration judge may not require corroborative evidence without giving the applicant notice and opportunity to produce such evidence. 648 F.3d at 1093. *Ren* does not apply here. The IJ did not need additional corroboration of the facts to which Wachira testified; instead, he credited Wachira's testimony and found that it pointed to a different legal conclusion.

**PETITION DENIED.**